UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 21-cv-20573-GAYLES/TORRES

**NILO VILLAMAR, on behalf**
**of himself and those similarly situated,**

Plaintiff,

**v.**

**CARRIER COMPLAINCE**
**SERVICES CORP., et al.,**

Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (the "Motion"). [ECF No. 41]. The action was referred to Chief Magistrate Judge Edwin Torres, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 47]. On March 31, 2022, Judge Torres issued his report recommending that the Motion be granted in part and denied in part (the "Report"). [ECF No. 60]. Plaintiff and Defendants have each filed objections to the Report. [ECF Nos. 62, 63].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific

objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In his Report, Judge Torres recommends that the Motion be granted in part and that the action be conditionally certified as an FLSA collective action. However, Judge Torres recommends that the scope of the class be limited to those employees who worked in the same office as Plaintiff Nilo Villamar—located at 11450 NW 122nd Street, Suite 300, Medley, Florida 33178—from February 10, 2018, to the present. [ECF No. 60]. The Court has reviewed the Report, the parties' objections, and conducted a de novo review of the record and agrees with Judge Torres' well-reasoned recommendation.[1]

## CONCLUSION

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Torres's Report and Recommendation, [ECF No. 60], is **ADOPTED in full**;

(2) Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members, [ECF No. 41], is **GRANTED in part and DENIED in part**;

(3) This action is conditionally certified as an FLSA collective action;

(4) Defendants shall produce an electronic and importable spreadsheet that identifies the putative class members by their full names, job titles, dates of employment, mailing addresses, and email addresses within fourteen days of the date of this Order;

---

[1] The Court notes that to the extent Plaintiff has evidence that Defendants had more than one office in Medley, Florida during the relevant time period such that the class should include employees who worked at any of Defendants' locations in Medley, Florida, Plaintiff should raise those issues in the first instance before Judge Torres.

(5) Plaintiff may not distribute his proposed notice and opt-in forms as they are currently written. Within fourteen days of the date of this Order, Plaintiff shall file an amended proposed notice and opt-in forms that are consistent with this Order for review by Judge Torres; and

(6) Once approved by the Court, Plaintiff may distribute the notice and opt-in forms in the manner specified in the report and recommendation.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of May, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE