UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-CV-20573-DPG

**NILO VILLAMAR, on his own behalf and**
**those similarly situated,**

    **Plaintiff,**

v.

**UNIQUE FREIGHT LINES, INC., a Florida Profit**
**Corporation, ROADTEX TRANSPORTATION CORP,**
**A Foreign Profit Corporation, CARRIER COMPLIANCE**
**SERVICES CORP, a Florida Profit Corporation,**
**UNIQUE FREIGHT BROKERS, INC. AND**
**DAVID PADRON, Individually**

    **Defendants**
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

The parties move the Court for an order approving the settlement agreement proposed by the parties. The reasons and bases for approval are set forth below in the supporting memorandum.

WHEREFORE, the parties request that the Court:

a. Find that the proposed settlement, including payments to each Opt-In Plaintiff, the attorney's fees and costs, and all other terms of the parties' Settlement Agreement, is fair and reasonable, and

b. enter a final order approving the proposed settlement and dismissing the case with prejudice.

## MEMORANDUM OF LAW

**I.    The Nature of the Case and Case History.**

Plaintiff Nilo Villamar individually and on behalf of similarly situated current and former employees of the Defendants, filed his Amended Collective Action Complaint on March 19, 2021 (ECF No. 10). Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§ 201 et seq., based on the Defendants failure to pay full and proper overtime compensation. On June 1, 2021, Defendants filed its Answer and Affirmative Defenses. *See* ECF No. 31.

On September 13, 2021, Plaintiff filed his Motion for Conditional Certification. Defendants filed their Response in Opposition to Plaintiff's Motion on October 18, 2021. *See* ECF Nos. 41, 48.

The Court entered a Report and Recommendation on Plaintiff's Motion for Conditional Certification, recommending granting in part and denying in part. *See* ECF No. 60. Both Parties each filed Objections to the Court's Report and Recommendation. *See* ECF Nos. 62, 63. On May 24, 2022, the Court entered an Order adopting the Report and Recommendation authorizing notice to be sent. *See* ECF No. 67. A total of seven (7) individuals, including Mr. Villamar, have joined this case[1]. As stated in the consent to join the case signed by each Opt-In Plaintiff, each designated Plaintiffs' counsel to represent them. Each Opt-In Plaintiff also designated Plaintiff to make decisions for them regarding all matters concerning the litigation, including negotiating a resolution of their claims.

During the course of the litigation, the parties engaged in extensive factual investigation and discovery relating to the claims of the Plaintiffs and the Opt-In Plaintiffs in the case, including interviewing witnesses, propounding and responding to written discovery and conducting depositions. The parties have vigorously litigated this case and they have conducted extensive discovery and a thorough investigation into and evaluation of the law and facts relating to matters set forth in this action.

The parties mediated the case before a certified mediator on October 7, 2022. At that mediation, the parties reached an impasse, but the Parties agreed to continue negotiations with the assistance of the Mediator.

On October 10, 2022, the Parties reached an agreement on settlement. *See* Settlement Agreement Attached as **Exhibit A.** The Settlement Agreement provides for payment of the total sum of $150,000.00. Of this total sum, $45,000.00 is to be paid to the Plaintiffs and Opt-In Plaintiffs for their alleged damages and allocated to each individual based upon various factors,

---

[1] Opt-in Plaintiff Brian Jimenez filed his Consent to Join form with the Court on April 19, 2021. After months of searching and trying to reach Mr. Jimenez, Plaintiff's counsel found out that Mr. Jimenez passed away on July 10, 2022. Therefore Mr. Jimenez is not included in the settlement of this case.

including dates of employment, rates of pay, and opt-in dates. The Settlement Agreement further provides for payment of a sum of $105,000.00 to Plaintiffs' counsel as attorney's fees and costs. The attorney's fees and costs were separately negotiated, and the parties agree that Plaintiffs' Counsel shall be paid this amount. In exchange for this consideration, the Plaintiffs and Opt-In Plaintiffs have agreed to release their claims for overtime asserted in the Lawsuit, and to dismiss the case with prejudice.

The Defendants have agreed to the settlement for the purpose of efficiently resolving this litigation and thereby saving further litigation expenses. Defendants do not admit the alleged violations and maintain that they at all times acted in good faith and without knowledge of or participation in any alleged wrongdoing. The Plaintiffs have agreed to the settlement because they believe that it represents a fair, adequate and reasonable settlement of the case under all circumstances and takes into account the risks and costs of going forward with the case.

## II. Approval of FLSA Collective Action Settlements.

The Eleventh Circuit has held that FLSA claims may only be settled or compromised in one of two ways: supervision by the Secretary of Labor under 29 U.S.C. § 216(c), or court approval. *Lynn's Food Stores, Inc. v. U.S. US Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714 (E.D. La. 2008) (containing an extended discussion of FLSA settlements, approval, and the differences between FLSA class actions and Fed. R. Civ. P. 23 class actions).

As stated in *Lynn's Foods*, the court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." 679 F.2d at 1355. The purpose of the requirement that there be a "bona fide dispute" is to ensure that the parties are not "negotiating around the clear FLSA requirement of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Collins*, 568 F. Supp. 2d at 719. In short, the court must find that there is "some doubt" the plaintiffs would succeed on the merits of their claims. *Id*. However, as stated in *Lynn's Foods*, "[i]f a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Foods*, 679 F.2d at 1354. Courts are to review FLSA settlements with a strong presumption in favor of finding a settlement fair. *See*

*Bonetti v. Embarq Management Co.,* 715 F.Supp.2d 1222, 1227 (M.D. Fla. 2009) ("[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

      A.    **There Exists a Bona Fide Dispute.**

There exists a bona fide dispute in this case over several issues, including the Defendants' "administrative" and "professional" employee exemption defenses under 29 U.S.C. § 213(a)(1), the computation of damages, the number of overtime hours worked by each plaintiff, the "good faith" defenses under 29 U.S.C. §§ 259 and 260, and the "willfulness" requirement to trigger the third year of liability under 29 U.S.C. § 255. The parties believe there are bona fide disputes on all of the above issues, disputes that would have to be resolved by summary judgment or a trial. The parties recognize that this would require substantial time, effort, and expense, and present significant risks for both parties.

Based upon the foregoing, there are clearly "bona fide" disputes in this case.

      B.    **The Settlement Is Fair and Reasonable.**

The existence of a "bona fide" dispute is a significant indicator that the settlement is fair and reasonable. The Court should further look at the "strength and nature of the claim in light of the possible defenses." *Collins v. Sanderson Farms*, 568 F. Supp. 2d at 719 n. 6, quoting *Brask v. Heartland Automotive Svs.*, 2006 WL 2524212, at *2 (D. Minn. 2006). However, in undertaking this analysis the court should keep in mind the policy favoring settlement as the preferred means of resolving cases and the "strong presumption" in favor of finding a settlement to be fair. *Id.*; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). "A settlement is in large measure a reasoned choice of a certainty over a gamble, the certainty being the settlement and the gamble being the risk that comes with going to trial." *Paradise v. Wells*, 686 F. Supp. 1442, 1446 (M.D. Ala. 1988). It is not "whether the proposed consent decree is the best possible deal," but whether it is "at a minimum, fair, adequate and reasonable." *Id*. at 720.

Based upon the factors described herein, the parties believe that the settlement is fair and reasonable.

The settlement provides for the Defendants to pay in settlement of all claims in the case the amount of $150,000.00, which is allocated as follows: $45,000.00 is to be paid to the Plaintiff and Opt-In Plaintiffs for their alleged damages and payment of a sum of $105,000.00 to Plaintiffs'

counsel as attorney's fees and costs. The attorney's fees and costs were separately negotiated, and the parties agree that Plaintiffs' Counsel shall be paid this amount.

The application of these objective factors ensures that each Plaintiff is treated fairly. The individual settlement payments represent a reasonable approximation of the overtime hours that the Opt-In Plaintiffs worked. The settlement also reflects an appropriate discount for anticipated challenges in establishing willfulness and liquidated damages. Accordingly, the settlement represents an excellent result for all Opt-In Plaintiffs, inasmuch as it is the amount each could reasonably expect to recover if they had prevailed at trial. Moreover, all or some of them could have recovered nothing if they had taken the case to trial. Furthermore, Defendants argue their pay practice was correct.

Finally, while Fed. R. Civ. P. 23 does not control Rule 216(b) collective actions, in deciding whether an FLSA settlement is fair and reasonable, courts have considered the following additional factors that have been utilized in Rule 23 class actions: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members." *Collins*, 568 F. Supp. 2d at 722. The following discusses these factors starting with the sixth factor.

    1.    **The Opinions of Plaintiffs' Counsel, Named Plaintiffs, and Opt-In Plaintiffs.**

    a.    **Opinion of Plaintiffs' Counsel.**

Plaintiffs' Counsel believes that the settlement is fair, adequate, and reasonable, and represents an excellent result for the Plaintiffs. The settlement provides significant monetary relief to Opt-In Plaintiffs in light of the overtime allegedly due, and the various defenses raised by the Defendants to recover and the amount of recovery. Based upon these factors, it is Plaintiffs' Counsel's reasoned judgment that the settlement is fair, adequate and reasonable. *Collins*, 568 F. Supp. 2d at 727 ("The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement").

    b.    **Opinion of Named Plaintiffs.**

The Plaintiffs representative, Nilo Villamar, has signed the Settlement Agreement,

showing his support for it. He actively participated in the mediation and settlement negotiations and is fully aware of the various factors considered in the negotiation of the settlement and the arrival of the settlement amounts for each Plaintiff and the attorney's fees and costs.

### 2. The Existence of Collusion Behind the Settlement.

There has been no collusion behind the settlement and there has been no allegation of any. The parties participated in a full-day mediation with an experienced mediator to negotiate the settlement terms and spent many hours revising and exchanging drafts of settlement documents to reach an arm's length settlement. The proposed settlement is the product of vigorous litigation and extensive negotiation.

### 3. The Complexity, Expense, and Likely Duration of the Litigation.

The case presents complex legal and factual issues. As stated, the parties engaged in significant discoveries, including written discovery and many depositions. There would be a trial on the merits of issues not resolved at summary judgment, and potential subsequent hearings and/or separate proceedings on damages would have been lengthy, time consuming, and expensive, and would likely result in protracted appellate proceedings lasting many, many years.

### 4. The Stage of the Proceedings and Amount of Discovery Completed.

At the time of the settlement, the case was in a relatively advanced stage. During the course of the litigation, the parties engaged in extensive factual investigation and formal discovery relating to the claims of the Plaintiffs and the Opt-In Plaintiffs in the case, including interviewing witnesses, depositions, propounding and responding to discovery, and the filing of dispositive motions. The parties have vigorously litigated this case and they have conducted extensive discovery and a thorough investigation into and evaluation of the law and facts relating to matters set forth in this action. The stage of the proceedings demonstrates that the settlement is based upon an adequate investigation and evaluation of the relative strengths and weaknesses of both parties' cases.

### 5. The Range of Possible Recovery

The settlement in this case is well within the range of possible recovery. As noted above, the settlements amounts represent payment of the amount of overtime compensation each individual would be entitled to at trial. The settlement also reflects an appropriate discount for

anticipated challenges in establishing the Defendants' "willfulness" as required by 29 U.S.C. § 260.  Accordingly, the settlement represents an excellent result for Plaintiff and all Opt-In Plaintiffs.

**6.       The Probability of the Plaintiffs' Success on the Merits.**

In entering into the settlement, the Plaintiffs and their counsel have considered the likelihood of success at trial.  While the Plaintiffs believe there was a likelihood of success, Defendants vigorously dispute the issue of liability and believe they have strong evidence showing willfulness and liquidated damages are not applicable.  There were also substantial disputes relating to the number of overtime hours worked by the Plaintiffs and whether the Plaintiffs could recover liquidated damages and prove "willfulness."  These issues pose significant obstacles to ultimate success and the amount of recovery that could be obtained.  Therefore, the settlement is in the best interest of the Plaintiff and Opt-In Plaintiffs and is fair and reasonable.

**III.     The Attorney's Fees and Costs Paid to Plaintiffs' Counsel.**

The Settlement Agreement provides that Plaintiffs' counsel will receive $105,000.00 in payment of attorney's fees and costs.  These amounts were negotiated separately from those amounts proposed to be paid to the Plaintiffs and Opt-In Plaintiffs.  These amounts are fair and reasonable, given the fees and costs incurred in this matter, as well as Plaintiffs' Counsel's extensive experience litigating FLSA collective actions, the Defendants' vigorous defense, and the excellent results obtained on behalf of Plaintiffs and the Opt-In Plaintiffs.  *See* Declaration of Noah E. Storch, Esq., attached as **"Exhibit B."**   As stated in *Vogenberger v. ATC Fitness Cape Coral, LLC*, Case No. 2:14-cv-436-FtM-29CM, 2015 WL 1883537, at *4, (M.D. Fla., Order of April 15, 2015), an FLSA case, "[a]lthough the Court must consider the reasonableness of any award of attorney's fees, it is not required to conduct an in-depth analysis of the award unless it is unreasonable on its face." 2015 WL 1883537, at *5 (finding the requested fees reasonable "upon consideration of the time and effort spent by Plaintiffs' counsel, his experience litigating FLSA collective actions, as represented by the parties, and the time and effort by Plaintiffs' counsel that still will be necessary to effectuate the settlement"); *see also King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007).  Defendants have agreed to this payment.

### IV. Conclusion

Based upon the foregoing, the parties request that the Court enter an order finally approving the settlement agreement proposed by the parties, Plaintiffs' attorney's fees and costs, and all other terms of the parties' Settlement Agreement, and dismiss this action with prejudice. A proposed order is attached as **Exhibit C.**

Dated this 10th day of January 2023.

Respectfully submitted,

| */s/Noah E. Storch, Esq.* | */s/Todd W. Shulby, Esq.* |
|---|---|
| Noah E. Storch, Esq | Todd W. Shulby, Esq. |
| Richard Celler Legal, P.A. | Todd W. Shulby, P.A. |
| 10368 W. State Rd. 84, Suite 103 | 1792 Bell Tower Lane |
| Davie, Florida 33324 | Weston, Florida 33326 |
| Telephone: (866) 344-9243 | Telephone: (954) 530-2236 |
| E-mail: noah@floridaovertimelawyer.com | E-mail: Tshulby@shulbylaw.com |
| Florida Bar No.: 0085476 | Florida Bar No.: 068365 |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of January 2023, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF filing system, which I understand will send a notice of electronic filing to all counsel of record.

*/s Noah E. Storch*
Noah E. Storch, Esq.