**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 21-20573-Civ-GAYLES/TORRES

NILO VILLAMAR, on his own behalf and
those similarly situated,

      Plaintiff,

v.

UNIQUE FREIGHT LINES, INC., a Florida Profit
Corporation, ROADTEX TRANSPORTATION CORP,
A Foreign Profit Corporation, CARRIER COMPLIANCE
SERVICES CORP, a Florida Profit Corporation,
UNIQUE FREIGHT BROKERS, INC. and
DAVID PADRON, Individually,

      Defendants
_____/

**ORDER APPROVING COLLECTIVE ACTION
SETTLEMENT AND APPROVAL OF ATTORNEYS' FEES AND COSTS**

This matter is before the Court upon the referral of the parties' Joint Motion for Approval of Collective Action Settlement and Approval of Attorneys' Fees and Costs [D.E 80], which followed the resolution of the litigation at mediation. The Joint Motion was referred for disposition. [D.E. 81].

The Court has conducted a review of the record in the action, together with the exhibits and submissions supporting the Joint Motion. Given the collective action settlement, the Court has also considered all factors required by Fed. R. Civ. P. 23, 26 U.S.C. § 216(b), and the Eleventh Circuit's mandate in *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Based upon that review, the

Court finds that the parties' settlement of this action was achieved through representation of all parties by experienced counsel. The Parties' settlement of these claims is the result of a bona fide compromise between them on a variety of disputes of law and fact. The complex settlement negotiated and reached by the Parties, with the assistance of an experienced and able mediator, reflects a reasonable compromise of the disputed issues. The Court thus finds that the provisions of the parties' agreement are fair and reasonable under the Fair Labor Standards Act.

The Settlement is approved. Upon the filing of the parties' stipulated dismissal, the Court further RECOMMENDS that the Court grant such dismissal with prejudice, reserving jurisdiction to enforce the terms of the settlement upon request.

## I. BACKGROUND

The Court's review of the record shows that Plaintiff Nilo Villamar, individually and on behalf of similarly situated employees of the Defendants, filed this Amended Collective Action Complaint on March 19, 2021. [D.E. 10]. Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, based on the Defendants' failure to pay full and proper overtime compensation. On June 1, 2021, Defendants filed their Answer and Affirmative Defenses. [D.E. 31].

After discovery ensued, Plaintiff filed a Motion for Conditional Certification seeking to represent and send notice to a collective of current and former hourly paid dispatchers, customer service representatives, and/or other employees who were employed by the Defendants during the relevant time period (starting three years

prior to the date of the commencement of the case). [D.E. 41]. After litigation on the opposed motion, on May 24, 2022, the Court entered an Order adopting a Report and Recommendation granting preliminary approval and authorizing opt-in class notice be delivered to potential class members. [D.E. 67].

Thereafter a total of seven (7) individuals, including Plaintiff, joined the collective as per the Court's authorized notice. Each Opt-In Plaintiff designated Plaintiffs' counsel to represent them, and designated Plaintiff to make decisions for them regarding all matters concerning the litigation, including negotiating a resolution of their claims.

During the course of the litigation, Plaintiff's Counsel engaged in extensive factual investigation and formal and informal discovery relating to the claims of the Plaintiffs and the Opt-In Plaintiffs in the case, in order to obtain information relating to the employment and earnings of each Opt-In Plaintiff. Plaintiffs propounded and responded to written discovery. Additionally, Plaintiff's Counsel scheduled and conducted four (4) depositions, while Defendants for their part conducted the depositions of Plaintiff and four (4) Opt-In Plaintiffs.

After extensive discovery, the parties mediated the case before a certified mediator on October 7, 2022. At that mediation, the parties reached an impasse, but the Parties agreed to continue negotiations with the assistance of the Mediator. On October 10, 2022, the Parties finally reached a settlement of the case that is memorialized in the Settlement Agreement and Release ("Settlement Agreement"), attached to the Parties Joint Motion for Approval.

The Court thoroughly reviewed that Agreement, which provides for payment of the total sum of $150,000.00. From this total sum, $45,000.00 is to be paid to the Plaintiff and eligible Opt-In Plaintiffs for alleged damages, allocated to each individual based upon various factors, including dates of employment in an eligible position, rates of pay, and opt-in dates. The Parties further agreed that a total sum of $105,000.00 from the settlement would be paid to Plaintiffs' counsel as reimbursement for reasonable attorneys' fees and costs.

In exchange for this consideration, the Plaintiffs and Opt-In Plaintiffs have agreed to release claims for overtime asserted in the lawsuit and to dismiss the case with prejudice.

## II.  ANALYSIS

In the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982). Settlements are "permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by employees provides some assurance of an adversarial context." *Id.* at 1354. This is because the employees are "likely to be represented by an attorney who can protect their rights under the statute." *Id.*  In evaluating whether the proposed settlement represents such a compromise, this Court may "rely

upon the judgment of experienced counsel" in its evaluation of the merits of a class action settlement. *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977).

"If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; [the Eleventh Circuit] allow[s] the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* Such approval must take into account that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3rd Cir. 1995) (citing *Cotton,* 559 F.2d at 1330).

Here, this Court finds that the settlement is indeed fair and reasonable under this standard. The amounts that will be received by each opt-in Plaintiff represents material value for the damages claimed in the action, without having to go through the time and expense of proving the specific amount of damage that each Plaintiff may be entitled to at trial. That is a painstaking and complicated process in many FLSA cases. This settlement achieves a material result for each Plaintiff.

With respect to the more difficult issue of attorneys' fees, the Court has reviewed the docket and juxtaposed such review against counsel's supporting affidavit and materials. Even upon reducing the amount of hours reflected in the verified application, and reducing the hourly rate to a lower amount that contemplated by counsel, the net result still produces a material sum that is adequately reflected in the $105,000 settlement amount agreed upon to compensate

counsel for the pursuit of the litigation. The Court has also taken into account the benefit to the Defendants from approval of this amount in lieu of requiring further litigation in the case, including trial, that could potentially double or triple the amount that Defendants would then have to be responsible for under the statute. That factor also militates in favor of approval of the settlement amount.

The Court finally adds that counsel represent that the attorneys' fee amount was negotiated separately from the amount due for each Plaintiff. "When 'the attorneys' fees are negotiated separately and after settlement of the Plaintiffs' wage claims, Courts generally approve the settlement as Plaintiff's compromise of his claim could [not] have influenced any amount received by his counsel.'" *Crump v. Sch. Bd. of Palm Beach Cnty., Fla.*, No. 19-81388-CIV, 2020 WL 13613010, at *4 (S.D. Fla. Apr. 8, 2020) (quoting *Gutierrez v. Coco Baleadas Corp.*, 2018 WL 6573131, at *1-2 (S.D. Fla. Aug. 30, 2018)). Such is the case here.

### III.   CONCLUSION

Based upon our thorough review of the record as a whole, the Joint Motion for Approval is **GRANTED** and it is also further **RECOMMENDED** that the Court grant the parties' stipulated dismissal with prejudice of the action.

**DONE AND ORDERED** in Chambers at Miami, Florida this 26th day of April, 2023.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge